The Honorable Bob J. Watts State Representative 125, Route 1 Harrison, Arkansas 72601
Dear Representative Watts:
This is in response to your request for an opinion on the following question:
 Is it lawful for the Sand Hill Cemetery located in the Yardell Community in Newton County to lock the main entrance to the cemetery so as to limit damage caused by all-terrain vehicles?
You note in your request that entrances would be left open whereby persons could enter the cemetery on foot.
While the concern with limiting damage caused by all-terrain vehicles is certainly a valid one, the General Assembly has indicated its intent to insure that cemeteries are accessible by automobile. Ark. Stat. Ann. 41-1984 (Cum. Supp.) provides as follows:
 It shall be unlawful for any person, firm, corporation, partnership or association to construct any fence on any property in such manner as to enclose any cemetery unless suitable access by automobile to such cemetery is provided by gate or otherwise.
The word "cemetery," as used in this Section, is not intended to apply to any private family burial plot which contains less than three (3) commercial grave markers and has not been used by burial purposes for at least twenty-five (25) years and which has not had an access road to said burial plot for at least 30 years.
Violation of this provision constitutes a misdemeanor and subjects the violator to a fine of not less than ten dollars ($10.00) nor more than one hundred dollars ($100.00).
A decision to lock the main entrance to the cemetery would not appear to be in violation of this provision since the construction of a fence is not involved. However, the emergency clause appearing in this Act (Act 108 of 1955, as amended by Act 752 of 1983) states in pertinent part as follows:
 It is hereby found and declared by the General Assembly of the State of Arkansas that it is essential to the public peace, health, safety, and welfare that cemeteries be accessible by automobile . . .
It is my opinion, therefore, based upon this expression of legislative intent, that a proposal to lock the main entrance would likely fail to withstand a court challenge. Such action may also be subject to challenge by handicapped persons. See Ark. Stat. Ann. 82-2901 et seq. (Cum. Supp. 1985).
Enactment of a local ordinance specifically designed to limit access to the cemetery by all-terrain vehicles may be a viable solution to the problem. It should also be noted that disturbing or damaging any cemetery marker is prohibited under Ark. Stat. Ann. 41-1985 (Repl. 1977). And persons who purposely or recklessly destroy or damage property of another may also be subject to various criminal sanctions. See e.g. Ark. Stat. Ann. 41-1906, 41-1907. Enforcement of applicable criminal laws should therefore also be considered.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.